THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SHERYL R. GALLOWAY-SIMMONS,

               Plaintiff,

     v.

CAROLYN W. COLVIN, Acting

Commissioner of Social Security,

              Defendant.

CASE NO. C14-0246-JCC

ORDER DENYING APPEAL AND
ADOPTING REPORT AND
RECOMMENDATION

This matter comes before the Court on Magistrate Judge James P. Donohue's Report and Recommendation ("R&R") (Dkt. No. 18) addressing Plaintiff's appeal of the final decision of the Commissioner of the Social Security Administration ("Commissioner"). Such decision denied her application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 401-33 after a hearing before an administrative law judge ("ALJ") (Dkt. No. 3). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby **ADOPTS** the R&R and **DENIES** the appeal for the reasons explained herein.

## I.    BACKGROUND

At the time of Sheryl R. Galloway-Simmon's ("Galloway-Simmons") alleged disability onset date, she was a 52-year old woman with a high school education along with some college

education.  Administrative Record ("AR") at 40, 156.  Her past work experience includes employment as a document manager, senior document scanner, and retail sales associate.  AR at 40–42.  She was last employed in July 2012. AR at 41–42.  Galloway-Simmons filed an application for DIB on March 9, 2011, alleging an onset date of June 30, 2010.  AR at 156–62.  She asserts that she is disabled due to right knee arthritis, right ankle pain, and lower back pain.  AR at 201.

The Commissioner denied Galloway-Simmons's claim initially and on reconsideration.  AR at 87–89, 93–97.  After an administrative hearing, the ALJ issued a decision on October 15, 2012 finding Galloway-Simmons not disabled and denying benefits, based on a finding that she could perform her past relevant work as a document scanner.  AR at 16–36.  Galloway-Simmons's administrative appeal of the ALJ's decision was denied by the Appeals Council, thereby making the ALJ's ruling the "final decision" of the Commissioner.  AR at 1–5; 42 U.S.C. § 405(g).

### A.    Jurisdiction

The Court has jurisdiction to review the Commissioner's decision. 42 U.S.C. § 405(g), 1383(c)(3).

### B.    Standard of Review

A reviewing court may set aside the Commissioner's denial of social security benefits only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005).  "Substantial evidence" is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  The ALJ is responsible for determining credibility and resolving factual ambiguities that might exist.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  A reviewing court may not reevaluate the evidence nor substitute its judgment for that of the Commissioner, and must defer to the Commissioner's conclusion if multiple rational interpretations are possible.  *Thomas v. Barnhart*, 278 F.3d 947,

954 (9th Cir. 2002). The reviewing court may direct an award of benefits where further administrative proceedings would serve no useful purpose, such as when (1) the ALJ has failed to provide legally sufficient reasons for rejecting the claimant's evidence; (2) there are no outstanding issues that must be resolved before a determination of disability may be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled if the claimant's evidence was considered. *McCartey v. Massanari*, 298 F.3d 1072, 1076–77 (9th Cir. 2002) (citing *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)).

### C.     Evaluation of Disability

Disability is the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted or is expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A), 1382c(a)(3)(A). A claimant bears the burden of proving that he or she is disabled within the meaning of the Social Security Act (the "Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). A claimant's impairments must be of such severity that she is unable to do her previous work and cannot, considering age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. § 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

There is a five-step sequential test to determine whether a claimant is disabled within the meaning of the Act; if a claimant is found to be disabled at any step, the inquiry ends. *See* 20 C.F.R. § 404.1520, 416.920. The claimant bears the burden of proving: (1) whether the claimant is presently engaged in "substantial gainful activity" (if yes, disability benefits are denied); (2) that the claimant has one or more medically severe impairments, or combination of impairments, that limit the claimant's physical or mental ability to do basic work activities (if yes, claimant is disabled); (3) whether the impairment meets or equals any of the impairments described in the regulations (if yes, claimant is disabled); (4) whether the physical and mental demands of the claimant's past relevant work are such that they can no longer perform that work (if yes,

1    claimant is disabled).  20 C.F.R. § 404.1520(b)-(c), 416.920(b)-(c).  If all prior steps are

2    satisfied, the Commissioner bears the burden of proof to show that (5) the claimant can perform

3    other work that exists in significant numbers in the national economy, taking into account the

4    claimant's residual functional capacity ("RFC"), age, education, and work experience.  20 C.F.R.

5    § 404.1520(g), 416.920(g); *Tackett*, 180 F.3d at 1100.  If the Commissioner finds the claimant is

6    unable to perform other work, then the claimant is found disabled and benefits may be awarded.

7          **D.**      **Decision Below**

8          The ALJ found that: (1) Galloway-Simmons met the insured status requirements of the

9    Social Security Act through June 30, 2016; (2) Galloway-Simmons had not engaged in

10   substantial gainful activity since June 30, 2010, the alleged onset date; (3) Galloway-Simmons

11   had the severe impairments of degenerative disk disease of the spine, osteoarthrosis of the knees,

12   right ankle strain, and obesity; (4) Galloway-Simmons did not have an impairment or

13   combination of impairments that met or medically equaled the severity of one of the listed

14   impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1; (5) Galloway-Simmons had

15   sufficient RFC to perform light work as defined in 20 C.F.R. 404, 1567(b); (6) Galloway-

16   Simmons was capable of performing past relevant work as a senior scanner; and (7) Galloway-

17   Simmons had not had a disability, as defined in the Social Security Act, from June 30, 2012

18   through the date of issuance of the ALJ's decision. Dkt. No. 18 at 5.

19         **E.**      **Issues on Appeal**

20         Whether: (1) the ALJ provided specific and legitimate reasons for rejecting the opinion of

21   Dr. Lisa Oswald, Galloway-Simmons's treating physician; (2) the ALJ provided clear and

22   convincing reasons to find Galloway-Simmons not credible; and (3) the ALJ properly

23   determined Galloway-Simmons could return to past relevant work.

24

25

26

ORDER DENYING APPEAL AND ADOPTING
REPORT AND RECOMMENDATION
PAGE - 4

## II.    DISCUSSION

### A.  The ALJ's Assessment of the Medical Evidence

Galloway-Simmons asserts that the ALJ improperly discounted the opinion of Dr. Oswald, her treating physician, that Galloway-Simmons could only work 16 to 25 hours per week.  Dkt. No. 12 at 10.  Galloway-Simmons argues that insufficient weight was given to Dr. Oswald's opinion as an examining physician, and the ALJ improperly accorded greater weight to the opinions of Dr. James Symonds, an examining physician, and Dr. Elizabeth St. Louis, a non-examining physician.  *Id*. at 12–14.  The ALJ rejected Dr. Oswald's opinion because: (1) Dr. Oswald did not submit supporting evidence to show that Galloway-Simmons could not work more than part-time; (2) Dr. Oswald's opinion was based solely on a diagnosis and Galloway-Simmons's subjective complaints; (3) Dr. Oswald's findings were not supported by the evidence; and (4) because Dr. Oswald's findings were inconsistent with the opinion of examining physician Dr. Symonds and Dr. Oswald's own opinion that Galloway-Simmons "needs to work." AR at 25–29.

As a matter of law, more weight is given to a treating physician's opinion than to that of a non-treating physician, because a treating physician has a greater opportunity to know and observe the patient as an individual.  *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).  If an ALJ rejects the opinion of a treating or examining physician, the ALJ must give clear and convincing reasons for doing so absent other contradictory evidence, and must give specific and legitimate reasons if contradictory evidence exists.  *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1988); *Bayliss*, 427 F.3d at 1216 (9th Cir. 2005).  The ALJ must explain his conclusions and provide substantial supporting evidence.  *Embrey v. Bowen*, 849 F.2d 418, 421–22 (9th Cir.

ORDER DENYING APPEAL AND ADOPTING
REPORT AND RECOMMENDATION
PAGE - 5

1988); *Reddick*, 157 F.3d at 725. An ALJ need not accept the opinion of a treating physician if that opinion is brief, conclusory, and inadequately supported by clinical findings or by the record as a whole. *Batson v. Comm'r of the Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004).

The decision of the ALJ to reject Dr. Oswald's opinion is supported by substantial evidence in the record and is therefore free of legal error.  Dr. Oswald provided little objective support or explanation for her opinion that Galloway-Simmons was limited to less than full-time work.  AR at 499, 527.  For example, the x-rays upon which Dr. Oswald relied in diagnosing Galloway-Simmons with osteoarthritis of the knees were "relatively mild."  AR at 506, 527–30; AR at 29. Also, Galloway-Simmons's self- reports of improvement due to therapy and of her relatively unrestricted ability to perform daily activities (e.g., continuing to work after her alleged disability onset date, caring for her grandchildren, and performing household chores) undermine Dr. Oswald's opinion of Galloway-Simmons's limited ability to work.  AR at 26–29. In addition, Dr. Oswald's opinion was contradicted by the opinion of Dr. Symonds, another examining physician, who indicated that Galloway-Simmons could perform a range of light work activities on a full-time basis.  AR at 488–92.  The evidence in the record indicates that the ALJ's rejection of Dr. Oswald's opinion was supported by clear and convincing evidence. Therefore, the first issue on appeal is insufficient to overturn the decision of the Commissioner.

**B.  Plaintiff's Credibility**

Galloway-Simmons argues that the ALJ erroneously failed to provide clear and convincing reasons supported by substantial evidence to reject her testimony regarding her symptoms.  Dkt. No. 12 at 3–10.  The ALJ rejected Galloway-Simmons's testimony because her subjective complaints were not consistent with medical evidence documenting: (1) availability of non-invasive treatment; (2) Galloway-Simmons's lack of motivation in treatment; (3)

1   improvement in Galloway-Simmons's symptoms and functional ability with treatment; and (4)

2   Galloway-Simmons's daily activities, including working part-time while caring for her

3   grandchildren, maintaining a household, and engaging in a range of social activities.  AR at 26–

4   27.

5          The ALJ is responsible for determining the credibility of claimants.  *Andrews*, 53 F.3d at

6   1039. A reviewing court may not reevaluate the evidence nor substitute its judgment for that of

7   the Commissioner, and must defer to the Commissioner's conclusion if multiple rational

8   interpretations are possible.  *Thomas*, 278 F.3d at 954.  To determine whether to accept a

9   claimant's subjective symptom testimony, the ALJ must: (1) determine whether there is a

10  medically-determinable impairment that could reasonably be expected to cause the claimant's

11  symptoms; and (2) evaluate the intensity and persistence of the claimant's symptoms,

12  considering evidence of the claimant's own testimony.  C.F.R. § 404.1529(a)-(b); *see Cotton v.*

13  *Bowen*, 799 F.2d 1403; *Smolen*, 80 F.3d at 1281 n.1.  Absent affirmative evidence showing that

14  the claimant is malingering, the ALJ must provide clear and convincing reasons for rejecting the

15  claimant's testimony.  *Smolen*, 80 F.3d at 1281.  The ALJ may consider (1) ordinary techniques

16  of credibility evaluation, including prior inconsistent statements concerning the symptoms, (2)

17  unexplained or inadequately explained failure to seek treatment or to follow a prescribed course

18  of treatment, and (3) the claimant's daily activities.  *Smolen*, 80 F.3d at 1284.  The claimant's

19  failure to assert a good reason for failing to seek or failing to follow through with a prescribed

20  course of treatment "[may] cast doubt on the sincerity of the claimant's pain testimony." *Fair v.*

21  *Bowen*, 885 F.2d 597, 603 (9th Cir. 1989).  A court may use daily activities to form the basis of

22  an adverse credibility determination if they meet the threshold for transferable work skills or if

23  they contradict the claimant's other testimony.  *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007).

1   Even if several of the reasons for discrediting a claimant's testimony should be discounted, the

2   ALJ's determination is not rendered invalid as long as that determination is supported by

3   substantial evidence.  *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001).

4           The ALJ's determination that Galloway-Simmons's symptom testimony was not credible

5   was based on clear and convincing reasons that are supported by the relevant record.  The ALJ

6   rejected Galloway-Simmons's testimony in part because her subjective complaints were

7   inconsistent with medical evidence showing that relatively mild treatment measures improved

8   her condition.  AR at 26.  This was supplemented by the ALJ's finding that Galloway-Simmons

9   lacked motivation to follow through with even the conservative treatment measures that may

10  have improved her condition.  AR at 26, 554.  Galloway-Simmons's daily activities, including

11  her working part-time and performing household chores during the relevant period, were

12  inconsistent with her alleged disabling impairments.  AR at 26–29.  The evidence in the record

13  contains clear and convincing reasons supporting the ALJ's conclusion that Galloway-

14  Simmons's symptom testimony was not credible.  Therefore, the second issue on appeal is

15  insufficient to overturn the decision of the Commissioner.

16

17  **C.  The ALJ's Findings  That Galloway-Simmons's Ability to Perform Past Work**

18          Galloway-Simmons asserts that the ALJ erred in determining that she could return to past

19  relevant work due to a lack of substantial evidence.  Dkt. No. 12 at 18–19.  First, Galloway-

20  Simmons argues that the ALJ erred in finding that she could perform past work that is precluded

21  by her RFC, such as lifting 30 pounds of weight, because there is no evidence in the record to

22  support this finding.  Dkt. No. 12 at 19; AR at 30.  Galloway-Simmons also argues that the ALJ

23  erred in failing to rely on testimony of a vocational expert.  Dkt. No. 12 at 20.  The Defendant

24  argues that any error by the ALJ in this determination is harmless because a subset of her past

ORDER DENYING APPEAL AND ADOPTING
REPORT AND RECOMMENDATION
PAGE - 8

work (at T-scan) does not require physical or mental abilities in excess of Galloway-Simmons's RFC, and because the ALJ properly rejected Dr. Oswald's opinion regarding Galloway-Simmons's neck limitations.  Dkt. No. 16 at 13–14.

The ALJ's duty is to make factual findings to support his conclusion. *Pinto v. Massanari*, 249 F.3d 840, 844–45 (9th Cir. 2001).  The claimant must be able to perform (1) the actual functional demands and job duties of a particular past relevant job, and (2) the functional demands and job duties of the occupation as generally required by employers throughout the national economy.  Social Security Ruling ("SSR") 82-61.  This must supported by specific findings regarding the claimant's current work activity or medical facts, or the claimant's RFC and the physical and mental demands of the work performed in the past.  SSR 82-62.  A claimant may be found not disabled based on a determination that she can perform past relevant work as it was actually performed or as it is generally performed in the national economy.  *Id.*; SSR 96-8p.

The ALJ did not err in determining that Galloway-Simmons could return to her past relevant work because the work Galloway-Simmons performed at T-scan is not in excess of her RFC.  AR at 25, 227.  In addition, this Court has already determined that the ALJ did not err in rejecting the medical opinion of Dr. Oswald, and therefore the ALJ did not err by omitting neck-related limitations from the RFC and declining testimony from a vocational expert regarding the impact of those neck limitations.  Based on the present record, the ALJ's finding that Galloway-Simmons was capable of performing past relevant work was not in error.  Therefore, the third issue on appeal is insufficient to overturn the decision of the Commissioner.

## III.    CONCLUSION

For the foregoing reasons, the R&R is **ADOPTED** (Dkt. No. 18) and the Plaintiff's appeal of the final decision of the Commissioner of the Social Security Administration (Dkt. No.

ORDER DENYING APPEAL AND ADOPTING
REPORT AND RECOMMENDATION
PAGE - 9

1  3) is **DENIED**.

2       DATED this 9th day of February 2015.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER DENYING APPEAL AND ADOPTING
REPORT AND RECOMMENDATION
PAGE - 10